Mohamed Sajeer Meeran
**SAHIB, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 11–73982.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 2015.

Filed April 3, 2015.

Markandu S. Vigneswaran, Law Offices
of Markandu S. Vigneswaran Hacienda,
Heights, CA, for Petitioner.

Jeffrey Lawrence Menkin, Trial, OIL,
DOJ–U.S. Department of Justice, Washington, DC, ICE, Office of the Chief Counsel Department of Homeland Security, San
Francisco, CA, for Respondent.

Before: PREGERSON and NGUYEN,
Circuit Judges and WHALEY,* Senior
District Judge.

MEMORANDUM **

Mohamed Sajeer Meeran Sahib, a native
and citizen of Sri Lanka, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of his applications
for asylum, withholding of removal, and
protection under the Convention Against
Torture ("CAT").

Substantial evidence supports the BIA's
conclusion that Sahib was ineligible for
asylum and withholding of removal because he engaged in the persecution of

others when he assisted the Sri Lankan
army by providing translation services.
An alien seeking asylum bears the burden
of establishing that he is a "refugee" under
the Immigration and Nationality Act
("INA"). INA § 208(b)(1)(B)(i), 8 U.S.C.
§ 1158(b)(1)(B)(i). By statute, the definition of refugee excludes "any person who
ordered, incited, assisted, or otherwise
participated in the persecution of any person on account of race, religion, nationality, membership in a particular social
group, or political opinion." INA
§ 101(a)(42), 8 U.S.C. § 1101(a)(42). The
same persecutor bar also applies to aliens
seeking withholding of removal. INA
241(b)(3)(B)(i), 8 U.S.C. § 1231(b)(3)(B)(i).
Substantial evidence in the record indicates that Sahib assisted in the persecution
of others because of his personal involvement and his purposeful assistance to the
army in carrying out the interrogations.
Without Sahib's translation services the
interrogations could not have proceeded.
*See Miranda Alvarado v. Gonzales,* 449
F.3d 915 (9th Cir.2006). Thus, Sahib's
claim for asylum and withholding of removal fails because substantial evidence
supports the application of the persecutor
bar.

Substantial evidence also supports the
BIA's denial of Sahib's CAT claim because
he has not shown it is more likely than not
he will be tortured by the government of
Sri Lanka or with its consent or acquiescence. *Silaya v. Mukasey,* 524 F.3d 1066,
1073 (9th Cir.2008). Thus, Sahib's CAT
claim fails.

**PETITION FOR REVIEW DENIED.**

---

* The Honorable Robert H. Whaley, Senior District Judge for the U.S. District Court for the
Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.